ARTHUR H. HARDY AND JEANNINE C. HARDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hardy v. Commissioner
Docket No. 7856-86
United States Tax Court
T.C. Memo 1991-187; 1991 Tax Ct. Memo LEXIS 214; 61 T.C.M. (CCH) 2500; T.C.M. (RIA) 91187; April 29, 1991, Filed *214 Decision will be entered under Rule 155. Arthur H. Hardy, pro se. Ronald J. Gardner, for the respondent. SWIFT, Judge. SWIFT
SUPPLEMENTAL MEMORANDUM OPINION This case is before us on remand from an unpublished order of the United States Court of Appeals for the Tenth Circuit filed October 29, 1990. The Court of Appeals affirmed our opinion in Hardy v. Commissioner, 93 T.C. 684 (1989) (Court reviewed), but remanded the case for consideration of whether petitioners are "entitled to claim a theft loss for 1982." The issue presented to this Court involved the deductibility of start-up or pre-opening expenses. At the trial, despite the Court's suggestion that petitioner Arthur H. Hardy (petitioner) might wish to raise, in the alternative, his entitlement to a theft loss deduction for 1982 with respect to the start-up expenses of the new venture, petitioner made no effort to introduce any evidence to establish a theft loss. Most significantly, in their post-trial brief (and after receiving respondent's post-trial brief that had expressly addressed the issue of petitioner's entitlement to a theft loss), petitioners expressly and unequivocally disavowed *215 any claim by petitioner to a theft loss with regard to the expenses in question. Petitioners' brief stated (page 6a) as follows: III. (c) Petitioner does not claim and has never claimed a theft loss. [Emphasis in original.]
Based on such express disavowal of any claim to a theft loss deduction, we conclude that petitioners are not entitled to claim a theft loss for 1982. Rules 34(b)(4), 41(b)(2), and 149(b), Tax Court Rules of Practice and Procedure.
Decision will be entered under Rule 155.